UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE GRIFFIN<br><br>                              Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO, et al.,<br><br>                              Respondents. | Case No.:  23-cv-01205-LL-JLB<br><br>**REPORT AND RECOMMENDATION ON:**<br><br>**(1) RESPONDENT'S MOTION TO DISMISS THE PETITION FOR HABEAS CORPUS; AND**<br><br>**(2) PETITIONER'S MOTION TO EXPAND THE RECORD**<br><br>**[ECF NOS. 22, 33]** |

This Report and Recommendation is submitted to the Honorable Linda Lopez, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and United States District Court for the Southern District of California Local Civil Rules 72.1.d and HC.2.

On June 24, 2023,[1] Petitioner Maurice Griffin, ("Petitioner"), currently incarcerated at Sugar Pine Conservation Camp #9 in Bella Vista, California, filed a Petition for Writ of

---

[1]     The Court considers the date that Petitioner submitted his Petition to relevant authorities for mailing as the date filed, pursuant to the "prison mailbox rule." *Campbell v.*

1

Habeas Corpus, *pro se*, before this Court pursuant to 28 U.S.C. § 2254.  (ECF No. 1 at 11.)  On August 2, 2023, and October 22, 2023, Petitioner filed an Amended Petition for Writ of Habeas Corpus and a Second Amended Petition for Writ of Habeas Corpus ("Petition"), respectively.  (ECF No. 4 at 7; ECF No. 9 at 8.)  On April 3, 2024, Respondent Jeffery Macomber, Secretary of the California Department of Corrections and Rehabilitation ("Respondent"), filed a Motion to Dismiss.  (ECF No. 22.)[2]  On June 5, 2024, Petitioner filed a document entitled "Reply" (ECF No. 34), which, based on the content therein, the Court has construed as his Response in Opposition to the Motion to Dismiss ("Opposition").  (*See* ECF Nos. 36–37.)

Having reviewed the Petition, Respondent's Motion, Petitioner's Opposition, and the entire record, the Court **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**, and the case be **DISMISSED**.

Also pending is Petitioner's Motion to Expand the Record ("Motion to Expand the Record").  (ECF No. 33).  Having reviewed the filings and the record, the Court **RECOMMENDS** the Motion to Expand the Record be **DENIED**.

I.    BACKGROUND

A.    Underlying Facts

On August 16, 2019, a jury in the Superior Court of the State of California, San Diego County, found Petitioner guilty on one count of burglary[3] and one count of petty theft.[4]  (*See* ECF No. 20-1 at 2; ECF No. 20-5 at 1.)  The Court sentenced Petitioner to 10 years in prison, following a finding that he had a prior strike for sentencing purposes and that he was out on bail at the time of the offenses in question pursuant to California Penal

_____

*Henry*, 614 F.3d 1056, 1058–59 (9th Cir. 2010).  The Court applies this rule to all Petitioner's *pro se* filings.

[2]    Respondent filed its lodgments on March 29, 2024.  (ECF No. 20.)

[3]    Cal. Pen. Code § 459.  Petitioner's burglary conviction included a finding that the burglary was of an inhabited dwelling house, a special allegation per Cal. Pen. Code § 460(a).  (ECF No. 20-5 at 1.)

[4]    Cal. Pen. Code § 484.

Code §§ 667–68, 12022.1.  (ECF No. 20-1 at 2; *see generally* ECF No. 9-1 at 17–40.)  The Court sentenced Petitioner to an additional 365 days in sheriff's custody on the misdemeanor, to run concurrently.  (ECF No. 9-1 at 35; ECF No. 20-1 at 2.)

Petitioner filed a direct appeal to the California Court of Appeal, Fourth Appellate District.  (*See* ECF No. 20-1.)  On appeal, Petitioner argued that there was "insufficient evidence in the record to support the jury's true finding that the burglary he committed was of an inhabited dwelling house . . . [and] that the trial court abused its discretion in declining to dismiss his strike prior and in sentencing him . . . on the burglary count."  (*Id*. at 2.)  The Court of Appeal affirmed the conviction, and Petitioner subsequently appealed to the California Supreme Court on the same grounds.  (*Id*.; ECF No 20-2.)[5]  The California Supreme Court summarily denied his petition on July 21, 2021.  (ECF No. 20-3.)[6]

///

///

///

///

///

///

---

[5]    The Court takes judicial notice, *sua sponte*, of Petitioner's appeals: *People v. Griffin*, No. D077006 (Cal. Ct. App. 4th Dist., Div. 1 May 12, 2021), https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=41&doc_id=2307509&doc_no=D077006&request_token=NiIwLSEnXkw4WyBJSCJdTElIIFA6UkxbJCMuRzpSUCAgCg%3D%3D (last accessed Sept. 30, 2024) [https://perma.cc/ZG5V-KEDY, https://perma.cc/ER37-GW3X] and *People v. Griffin*, No. S269275 (Cal. Jul. 21, 2021), https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2351220&doc_no=S269275&request_token=NiIwLSEnXkw4WyBJSCJdTElIIEw0UDxTJSBOTz1SICAgCg%3D%3D (last accessed Sept. 30, 2024) [https://perma.cc/9L7P-Y64K, https://perma.cc/6SQ7-MXUS].  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record").

[6]    *Id.*

### B.    State Court Habeas Petitions

Petitioner filed a petition for writ of habeas corpus *pro se* in the Superior Court for the State of California, County of San Diego, on October 29, 2021,[7] alleging that the use of inaccurate information during sentencing violated his constitutional rights.  (ECF No. 1 at 24; ECF No. 20-4 at 8; ECF No. 20-5 at 2.)  The Superior Court denied this petition on December 28, 2021, finding that it did not have authority to modify his sentence and that Petitioner's failure to raise that issue on direct appeal necessitated dismissal.  (ECF No. 20-5 at 3.)  Regarding what it construed as an ineffective assistance of counsel claim, the Court found the issue properly before it and addressed it on the merits.  (*Id.* at 3–4.)  Concluding that that Petitioner "failed to make a *prima facie* showing entitling him to relief," the Court denied the petition.  (*Id*. at 5–7.)

Petitioner filed a second habeas petition in the Superior Court on December 22, 2022—this time represented by counsel—alleging ineffective assistance of trial counsel as grounds for relief.[8]  (ECF No. 20-6; 20-7 at 2.)  The Superior Court denied this petition as untimely on January 5, 2023, and made an alternative finding that,

---

[7]    Throughout the pleadings, lodgments, and other filings, there is some confusion over when Petitioner filed his first state habeas petition.  Respondent, in its brief, bases its timeliness arguments upon an October 29, 2021, filing date.  (*See* ECF No. 22-1 at 9, 14.)  In its lodgment cover page, however, it lists the date as October 22, 2021.  (ECF No. 20 at 1.)  Within the lodgments, the California Superior Court and California Court of Appeal decisions note that Petitioner filed his first state petition on November 2, 2021.  (ECF No. 20-5 at 2; ECF No. 20-7 at 2; ECF No. 20-9 at 1.)  The Declaration of Service attached to the lodged version of Petitioner's first state habeas petition states that the Office of the Attorney General and District Attorney for San Diego County were served by mail on October 29, 2021.  (ECF No. 20-4 at 14.)  The Court takes judicial notice that San Diego County Superior Court records indicate that Petitioner mailed his Petition for filing on October 29, 2021.  *See Reyn's Pasta Bella, LLC*, 442 F.3d at 746 n.6.  Thus, this date serves as the date of filing.  *Cambell*, 614 F.3d 1058–59 ("The mailbox rule applies to federal and state petitions alike.").

[8]    In that petition, Petitioner alleged, in summary, that his trial counsel failed to timely object to incorrectly listed prior offenses during sentencing despite knowing that the information was inaccurate, that this failure constituted ineffective assistance of counsel, and that this error prejudiced him during sentencing.  (ECF No. 20-6 at 13–19.)

1  regardless, his trial counsel was not ineffective.  (ECF No. 20-7 at 6–9; *see also* ECF No.
2  20-9 at 3–4.)

3      Petitioner—now *pro se*—applied for habeas relief in the California Court of Appeal,
4  Fourth Appellate District, on or about April 21, 2023, challenging the Superior Court's
5  denial.[9]  (ECF No. 20-8.)  The Court of Appeal denied this petition on May 16, 2023,
6  holding that "[Petitioner's] claims of ineffective assistance of counsel do not state a *prima*
7  *facie* case for habeas corpus relief[]" because he "fail[ed] to show he was prejudiced by
8  any of the alleged deficiencies in counsel's performance" and that, therefore, even had the
9  prior petition been timely the Superior Court would have dismissed it.  (ECF No. 20-9 at
10  2–4.)[10]  Petitioner did not file a habeas petition in the California Supreme Court.[11]

11

---

12  [9]      "California's collateral review system differs from that of other States in that it does
13  not require, technically speaking, appellate review of a lower court determination.  Instead
   it contemplates that a prisoner will file a new 'original' habeas petition." *Carey v. Saffold*,
14  536 U.S. 214, 221 (2002); *Briggs v. Brown*, 400 P.3d 29, 36 (Cal. 2017) ("Under existing
15  law, there is no right to appeal from a superior court's *denial* of habeas corpus relief. The
   petitioner may obtain review by filing a new petition in a higher court.") (emphasis
16  original).
17  [10]      The Court takes judicial notice of *In re Maurice Griffin*, No. D082029, (Cal. Ct.
18  App.       4th       Dist.,       Div.       1       May       16,       2023),
   https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=41&doc_id
19  =2575376&doc_no=D082029&request_token=NiIwLSEnXkw4WyBRSCItXENIIFw6U
   kxbKyI%2BRzhRICAgCg%3D%3D       (last       accessed       Sept.       30,       2024)
20  [https://perma.cc/R692-DKG].  *See Reyn's Pasta Bella, LLC.*, 442 F.3d at 746 n.6.
21  [11]      In his Second Amended Petition, Petitioner did not answer question 18 of the
22  Southern District of California's Form CIV 68 (Rev. Oct. 2015), asking whether he had
   filed any petitions with the California Supreme Court.  (ECF No. 9 at 4.)  Petitioner filled
23  out both items 19 and 20 on the form. (*Id.* at 4–5.)  These items are, respectively, questions
24  about the result of any collateral applications to the California Supreme Court, and an
   explanation of why no such applications were filed, if applicable.  (*Id.*)  Petitioner claimed,
25  in response to question 18, that his application was *denied* but, in response to question 19,
26  offered an explanation of why he had *not filed* a petition with the California Supreme Court.
   (*Id.*)  In response to item 22, Petitioner asserted that he had raised Ground One of his
27  Petition in the California Supreme Court.  (*Id.* at 6–7.)
28      Respondent asserts that Petitioner did not appeal his state habeas petition to the
   California Supreme Court, and claims it was unable to find any records of such.  (ECF No.

### C.    Federal Habeas Petition

Petitioner filed a petition for habeas corpus in the District Court for the Southern District of California on June 24, 2023,[12] initiating the instant action. (ECF No. 1). The Court dismissed his petition, with leave to amend, based on a failure to satisfy the relevant filing fee requirement and failure to name a proper respondent. (ECF No. 2.) Petitioner filed an amended petition on August 2, 2023, which the Court dismissed with leave to amend for failure to state grounds for relief. (ECF Nos. 4, 6.) Petitioner filed his Second Amended Petition on October 22, 2023.[13] (ECF No. 9.) Petitioner's stated basis for relief is a lack of substantial evidence to support his sentence. (*Id.* at 6.) Specifically, Petitioner claims that the sentencing judge made a series of errors in admitting an alleged past offense as a strike, mirroring claims in his state habeas petitions. (*Id.*)

---

22-1 at 11.)  While Petitioner disputes Respondent's argument that the federal Petition is untimely, Petitioner does not meaningfully contest the assertion that he did not appeal his state habeas petition to the California Supreme Court, stating instead "I deny the allegation that I[']m responsible for never filing with the Supreme Court." (ECF No. 34 at 4.) The Court takes judicial notice that the California Supreme Court's and Court of Appeal's electronic case access systems contain no records of any such habeas petition filed in the California Supreme Court. *Reyn's Pasta Bella, LLC.*, 442 F.3d at 746 n.6; *Appeals Court Case Information—Supreme Court,* California Courts, Judicial Council of California, https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id= 2351220&doc_no=S269275&request_token=NiIwLSEnXkw4W1BVSCJNWEpIIEA0U DxTJSBOTz1SICAgCg%3D%3D (last accessed Sept. 30, 2024) [https://perma.cc/XJ2M-XJ9V] (search results for Petitioner in California Supreme Court records). Thus, the Court finds that Petitioner did not file a state habeas case in the California Supreme Court.

[12]    The Court notes that the envelope containing Petitioner's initial filing lacks a date stamp indicating when it was received by the official having custody of Petitioner. (ECF No. 1 at 56.)  However, Petitioner stated in the petition that he handed this filing to a correctional officer on June 24, 2023, which is the same date he signed the petition itself. (*Id.* at 11.)  Therefore, the Court will use that as the date of filing. *Campbell*, 614 F.3d at 1058–59.

[13]    As with his initial petition, the envelope containing Petitioner's Second Amended Petition lacks a date stamp indicating when it was received by the official having custody. (ECF No. 9-1 at 41.)  Petitioner signed his Petition affirming that he handed this filing to a correctional officer on October 22, 2023.  (ECF No. 9 at 8.)  Therefore, the Court will use that as the date of filing. *Campbell*, 614 F.3d at 1058–59.

Respondent filed the instant Motion to Dismiss on April 3, 2024, arguing that the Petition should be dismissed because Petitioner failed to meet the requirement that he exhaust his claims in state court prior to seeking federal relief and that the Petition is barred by the relevant statute of limitations, with insufficient tolling to render his claim timely. (ECF Nos. 22, 22-1.)  On May 24, 2024, the Court granted Petitioner until June 17, 2024, to file an additional amended petition to allege two additional grounds for relief: (1) "error of constitutional magnitude that led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted petitioner (strike prior)"; and (2) ineffective assistance of counsel—pursuant to Petitioner's early request to do so.  (ECF Nos. 14, 28.)  Petitioner did not file any further amended petitions.  Petitioner filed his construed Opposition to Respondent's Motion to Dismiss on June 5, 2024. (ECF No. 34.)

## II.   LEGAL STANDARD

A federal habeas corpus petition challenges the legality or duration of confinement. *See Hill v. McDonough*, 547 U.S. 573, 579 (2006).  Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may only grant a habeas corpus petition if the adjudication of the claim resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A federal court must "apply AEDPA's standards to the state court's last reasoned decision on the merits of a petitioner's claims."  *Ayala v. Chappell*, 829 F.3d 1081, 1094 (9th Cir. 2016).

A motion to dismiss a petition for writ of habeas corpus is viewed as a request to dismiss under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Rules Governing § 2254").  *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *White v. Lewis*, 874 F.2d 599 (9th Cir. 1989).  Under Rule 4 of the Rules Governing § 2254, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . ."

R. Governing § 2254, R. 4; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) (noting that under Rule 4, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").  "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." *O'Bremski*, 915 F.2d at 420 (quoting *Blackledge v. Allison*, 431 U.S. 63, 75 n.7, (1977)) (internal quotation marks omitted).  Moreover, "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."  *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

## III.   DISCUSSION

Respondent argues that the Petition should be dismissed for failure to exhaust state-level remedies, and because it is barred by the statute of limitations, with no relief from the limitation available through statutory or equitable tolling.  (*See* ECF No 22-1 at 6–7.) Petitioner disputes each argument.  (*See generally* ECF No. 34.) Upon reviewing the Motion to Dismiss, the Opposition, and the record, the Court recommends that Judge Lopez find that: (A) Petitioner failed to exhaust his state-level remedies; and (B) the Petition is barred by the statute of limitations.  Therefore, the Court recommends that the Petition be dismissed.

### A. Exhaustion

In its Motion to Dismiss, Respondent argues Petitioner did not exhaust his ability to seek remedies through state processes prior to filing a federal petition, as required.  (ECF No. 22-1 at 16.)  Specifically, Respondent argues that because Petitioner did not raise the claim he now presents for habeas relief to the California Supreme Court in a state habeas petition, he failed to properly exhaust state remedies.  (ECF No. 22-1 at 16–19.)  The Court, while not fully agreeing with Respondent's articulation of the exhaustion requirement, finds Petitioner did fail to adequately exhaust state remedies as required before seeking federal relief.  Petitioner's direct appeal did not present the same issues or allegations he presents in his federal Petition, and he did not appeal either state habeas claim to the California Supreme Court.  Therefore, the Petition should be dismissed.

*i.*     *Legal Standard*

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a [s]tate court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the [s]tate." 28 U.S.C. § 2254(b).  To provide a state the necessary opportunity to review and correct any alleged violation of a prisoner's federal rights, a "prisoner must 'fairly present' his claims for relief in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese,* 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999).  In essence, a petitioner seeking federal relief must first have fully presented each claim in his petition to each available level of a state's court system and must have done so in a manner to alert the state courts to the federal nature of the rights claimed violated.  *Rose v. Lundy*, 455 U.S. 509, 516–22 (1982); *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (*per curium*) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."); *see Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009);

However, a petitioner need not file repetitive petitions for relief in the state courts, bringing the same claims under different procedural devices—such as both a direct appeal and subsequent collateral review.  *O'Sullivan*, 526 U.S. at 844 (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953) (overturned on other grounds)).  Thus, a petitioner convicted of a felony in California need not file a habeas claim restating the grounds for relief contained in a previous direct appeal, provided that direct appeal was presented to the California Supreme Court.  *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987); *see Carey v. Saffold*, 536 U.S. 214, 219–25 (discussing California's unique collateral review scheme); *Nilsen v. Lake Cnty, Super. Ct., App. Div.*, No. 19-cv-02917-PJH, 2020 WL 4701094 at *1 (N.D. Cal. Aug. 13, 2020) (state remedies must be exhausted, "either by way of a direct appeal

or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule . . . .").

   *ii.*   *Analysis*

     *a.*  *Petitioner's Direct Appeal Does Not Exhaust His State Remedies*

Petitioner's direct appeal does not reflect the substance of the issues raised in his federal claim for habeas relief, and thus cannot exhaust his claim. *Rose,* 455 U.S. at 516–22. In his Petition for Review to the California Supreme Court on direct appeal, Petitioner argued two grounds for relief: 1) that an employee maintenance room in a garage beneath a senior living facility does not qualify as an inhabited dwelling house within the meaning of first-degree burglary under California law; and 2) that the Court abused discretion by refusing to dismiss Petitioner's prior strike in sentencing and sentencing him to a "middle term" under California law. (ECF No. 20-2.)

Regarding his claim based upon the failure to dismiss the prior strike, nowhere in his argument to the California Supreme Court did Petitioner put the Court on notice that he was bringing a claim for violation of his Constitutional rights.[14] (*Id.* at 24–36). With respect to this argument, then, Petitioner did not sufficiently put the California Supreme Court on notice that his federal rights were allegedly violated, and that claim cannot be considered exhausted. *Peterson v. Lampert*, 319 F.3d 1153, 1156–57 (9th Cir. 2003); *Rose*, 455 U.S. at 516–22.

Moreover, the claims in the instant Petition do not align with those brought in state court. In his state appeal, Petitioner argued that a prior strike should have been discounted due to mitigating factors and a lack of aggravating factors and that the trial judge abused its discretion by acting otherwise. (ECF No 20-2. at 32–35.) Nowhere does he argue that the underlying previous offense never occurred, or that it was entered into the record in

---

[14]    Before the California Supreme Court, Petitioner only alleged a violation of the U.S. Constitution's Fourteenth Amendment as to his other claim, which related to the sufficiency of evidence supporting his burglary conviction. (ECF No. 20-2 at 10.) This claim plays no part in the pending Petition.

violation of the rules of evidence or procedure. (*Id.*)  In his federal Petition, however, Petitioner alleges that prior offenses were introduced into the record in violation of the law at sentencing, that prior crimes relied upon as strikes at sentencing never occurred, that the Court engaged in improper factfinding, that the judge failed to follow the law in sentencing as it applies to "wobblers,"[15] and that Petitioner had crossed out the portion of a state Blakely Waiver that allows the offense to be used as a future strike—all encompassed in the claim of "lack of substantial evidence." (ECF No. 9 at 6, 9, 11, 18–20, 22; ECF No. 9-1 at 1–14.)  Thus, Petitioner alleges, the sentence was not based on substantial evidence, was based on incorrect facts, and violates his Constitutional rights under the Sixth and Fourteenth Amendments. (*Id.*)  These are not the claims in his direct appeal, and "'mere similarity of claims is insufficient to exhaust'" them.  *Peterson*, 319 F.3d at 1161 (quoting *Duncan*, 513 U.S. at 366).  Therefore, Petitioner's direct appeal does not exhaust his claims for federal habeas purposes.

### b. The State Habeas Petitions Do Not Exhaust Petitioner's State Remedies

Petitioner filed, in addition to his direct appeal, two state habeas petitions in the Superior Court and one in the California Court of Appeal, as discussed above.  However, Petitioner did not file any habeas petitions in the California Supreme Court.  Instead, Petitioner abandoned his first habeas claim after the Superior Court denied it and filed his second only in the Superior Court and in the Court of Appeal for review.  To meet exhaustion requirements with these petitions, Petitioner must have presented them to the highest state court for review before filing a federal petition.  *Baldwin*, 541 U.S. at 29; *Peterson*, 319 F.3d at 1156; *Rose*, 455 U.S. at 516–22.  Because Petitioner did not file any habeas petition in the California Supreme Court, none of his state habeas petitions can exhaust his claims.

---

[15]  Crimes which could be charged either as felonies or misdemeanors depending on their circumstances.

As Petitioner did not exhaust his claims in the California state court system, either through his direct appeal nor through habeas petition, the Court recommends that Judge Lopez grant Respondent's Motion to Dismiss.

**B. Statute of Limitations**

Respondent argues that Petitioner's federal Petition is untimely, and thus the Court should dismiss it. (ECF No. 22-1 at 11–16.)  Specifically, Respondent argues that the one-year statute of limitations imposed by 28 U.S.C. § 2244(d) began to run on October 19, 2021, and that, therefore, Petitioner's June 24, 2023 federal Petition is untimely.  (*Id.* at 12–13.)  Petitioner responds by denying that he could have "removed the constitutional impediments that prevented [him] from filing"; that his "claims presented could have been discovered any sooner through the exercise of due diligence"; that his "claims should have been considered improperly filed"; that his "petition is untimely"; and that his "petition is not saved [by] provisions under [28 U.S.C. §]  2244(d)(1)(B)-[(D)]."[16] (ECF No. 34 at 5–8.)  He does not present specific facts or argument on any of these issues.  (*Id.*)

*i.   Legal Standard*

"State prisoners have one year from the date on which their convictions became final to commence federal habeas corpus proceedings."  *Wixom v. Washington*, 264 F.3d 894, 895 (9th Cir. 2001); 28 U.S.C. § 2244(d)(1).  This statute of limitations runs from the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which

---

[16]    Though the last parenthetical of the statutory reference is cut off, the Court deduces that it ended with "(D)."

1
2

the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

28 U.S.C. § 2244(d)(1); *Wixom*, 264 F.3d at 897.

4

For purposes of 28 U.S.C. § 2244(d)(1)(A), "a judgment becomes 'final' . . . by the

5

conclusion of direct review by the highest court, including the United States Supreme Court

6

. . . or by the expiration of the time to seek such review, again from the highest court from

7

which such direct review could be sought." *Wixom*, 264 F.3d at 898. If a petitioner appeals

8

to the highest state court possible, but does not appeal to the U.S. Supreme Court, judgment

9

becomes final 90 days after that highest state court denies petitioner's appeal—the deadline

10

to seek a writ of *certiorari* to the U.S. Supreme Court. *Bowen v. Roe*, 188 F.3d 1157,

11

1158–60 (9th Cir. 1999); *Pittman v. Spearman*, No. 16-cv-1585-AJB-BLM, 2016 WL

12

8731186 at *3 (S.D. Cal. Dec. 16, 2016), *R. & R. adopted* sub nom. *Pittman v. Sprearman*,

13

No. 16-cv-1585-AJB-BLM, 2017 WL 526541 (S.D. Cal. Feb. 9, 2017); *Johnson v.

14

*Espinoza*, No. 19-cv-1036-GPC-WVG, 2020 WL 1028504 at *2 (S.D. Cal. Mar. 3, 2020).

15

For a petitioner convicted of a felony in California, judgment therefore becomes final 90

16

days after the California Supreme Court denies a petitioner's appeal if no writ is filed in

17

the U.S. Supreme Court. *See Bowen*, 188 F.3d at 1159–60; *Pittman*, 2016 WL 8731186 at

18

*3; *compare with McMonagle v. Meyer*, 802 F.3d 1093, 1096–99 (9th Cir. 2015)

19

(discussing the difference in habeas finality dates between petitions arising from California

20

misdemeanors and those arising from felonies).[17]

21

To instead rely on a starting date under 28 U.S.C. § 2244(d)(1)(B), a petitioner must

22

allege (1) some wrongful action taken or imposed by state action; which (2) impedes the

23

prisoner from filing a habeas petition; that is (3) in violation of the Constitution or laws of

24

25
26
27
28

---

[17]     Under California Rules of Court, a case in which a defendant is charged with at least one felony count is considered a felony for purposes of the appeals process. Cal. R. Ct. 8.304(a)(2). As Petitioner's case included first-degree burglary, it is a felony. Cal. Pen. Code § 459, 460, 1192.7(c)(1); *see People v. Cruz*, 919 P.2d 731, 735–37 (Cal. 1996); (ECF No. 21-1 at 2.)

the United States.  *See* 28 U.S.C. § 2244(d)(1); *Randle v. Crawford*, 604 F.3d 1047, 1055 (9th Cir. 2010); *Shannon v. Newland*, 410 F.3d 1083, 1087–88 (9th Cir. 2005) (an appellate court's rejection of an appeal does not constitute an "impediment" to seek habeas relief because petitioner was "free to *file* such a petition at any time.") (emphasis original).  A petitioner "must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition." *Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1060 (9th Cir. 2007).

"Section 2244(d)(1)(D)[18] provides a petitioner with a later accrual date than section 2244(d)(1)(A) only if vital facts could not have been known by the date the appellate process ended." *Ford v. Gonzalez*, 683 F. 3d 1230, 1235 (9th Cir. 2012) (internal quotations omitted).  In such circumstance, "[t]he statute of limitations begins to run . . . when the factual predicate of a claim could have been discovered through the exercise of due diligence, not when it actually was discovered." *Id.*  "Due diligence does not require the maximum feasible diligence, but it does require reasonable diligence in the circumstances." *Id.* (internal quotations omitted).  A petitioner, however, need not know the legal significance of the missing facts before the statute of limitations begins to run— the petitioner need only have known (or been able to discover) the facts. *See Davis v. Madden*, No. 22-cv-0951-LL-MDD, 2023 WL 2087969, at *7 (S.D. Cal. Feb. 17, 2023), *R. & R. adopted*, No. 22-cv-51-LL-DDL, 2023 WL 3818358 (S.D. Cal. Jun. 5, 2023) (citing *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001)).

///
///
///
///
///

---

[18]   Section 2244(d)(1)(C) has no conceivable application here and neither party suggests that it does.

*ii.    Analysis*

Respondent asks the Court to find that the statute of limitations in the instant case is triggered by final judgment under § 2244(d)(1)(A), and that the Petition is therefore barred by the statute of limitations.  (ECF No. 22-1 at 11–13.)

First, Respondent argues that no state action impeded Petitioner's ability to file a Petition such that § 2244(d)(1)(B) would apply.  (ECF No. 22-1 at 13.)  In response, Petitioner "den[ies] allegations that [he] could [have] removed the constitutional impediments that prevented [him] from filing . . ."  (*See* ECF No. 34 at 5.)  However, he makes no allegation of any wrongful state action that prevented him from filing a petition for habeas relief in his Petition, Opposition, or elsewhere in the record.  (*See id.*; ECF No. 9.)  Reviewing the record, the Court can discern no such state action that could plausibly have so interfered.  In fact, Petitioner did, as discussed above, file multiple state petitions for habeas relief in the intervening time between his conviction and his federal Petition.  (*See* ECF Nos. 20-4–20-9.)  Thus, § 2244(d)(1)(B) does not apply.  28 U.S.C. § 2244(d)(1); *Shannon*, 410 F.3d at 1087–88; *Randle*, 604 F.3d at 1055; *Bryant*, 499 F.3d at 1059.

Second, Respondent argues that Petitioner does not raise claims based on discovery of new facts so as to trigger § 2244(d)(1)(D)'s application.  (ECF No. 22-1 at 13.)  As Respondent argues, the crux of Petitioner's claim for relief is conduct at his sentencing hearing, and the lack of substantial evidence regarding a past offense relied on at sentencing.  (ECF No. 9 at 6, 9, 11, 18–20, 22; ECF No. 9-1 at 1–14; ECF No. 34 at 2, 4, 5.)  Nothing in the Petition or Opposition suggests that any relevant facts were unknown to Petitioner contemporaneously with the events at issue.  Indeed, the record reflects that Petitioner was present at sentencing and would have been privy to the events therein, including discussion of his criminal history.  (*See* ECF No. 9-1 at 19.)  Additionally, there is no suggestion or argument—and the Court can find no rationale upon which to infer— that Petitioner was unaware of his own criminal history at the time of sentencing. *See Ford*

683 F.3d at 1234–36.   As all relevant facts were discoverable at sentencing, § 2244(d)(1)(D) does not apply. [19]

Having determined that neither § 2244(d)(1)(B), (C) nor (D) control the statute of limitations' trigger, the statute of limitations runs pursuant to § 2244(d)(1)(A).   The California Supreme Court denied review of Petitioner's direct appeal on July 21, 2021. (*See* ECF No. 20-3.)   Thus, judgment in Petitioner's criminal case became final 90 days later, on October 19, 2021, and the statute of limitations began to run the next day, October 20, 2021.   *Bowen*, 188 F.3d 1157, 1158–59; *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) ("[the AEDPA] one-year statute of limitations beg[ins] to run . . . the day after [a petitioner's] conviction bec[omes] final.") Petitioner did not file the first iteration of his federal Petition, however, until June 24, 2023, nearly two years after his conviction became final.   (ECF No. 1.)   Thus, absent statutory or equitable tolling, discussed below, Petitioner's Petition is untimely.

**C. Tolling**

*i.   Statutory Tolling*

As discussed above, absent tolling, the statute of limitations began to run on October 20, 2021, and thus expired one year later on October 20, 2022.   Respondent asserts that, because Petitioner's first state habeas petition was denied in part based upon "lack of jurisdiction" to resentence him, his state petition was not properly filed and therefore did not toll the limitation period.   (ECF No. 22-1 at 14; ECF No. 20-5 at 3.)   Due to this, Respondent argues, Petitioner does not benefit from any statutory tolling, as time had

---

[19]   Petitioner makes additional allegations outside the scope of his pleaded claims throughout his Opposition.   (*See generally* ECF No. 34.)   However, as discussed above, Petitioner failed to further amend his claim when given ample opportunity.   (*See* ECF Nos. 14, 28.)   Additionally, even these claims do not appear to raise discovery of new facts, but rather frustration with occurrences at trial and sentencing, at which Petitioner was present. (*See generally* ECF No. 34.)   Nothing in the record suggests that Petitioner had anything but full knowledge of these events contemporaneously, nor does Petitioner make any specific claims as to what "newly discovered evidence" he relies on.   (ECF No. 34; ECF No 9-1 at 19.)

expired before he filed his second state habeas petition, and the second petition's filing cannot "resurrect" the statute of limitations.  (Id. at 14 –15.)

### ii.    Legal Standard

The one-year statute of limitations is tolled for "[t]he time during which a properly filed application for [s]tate post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  In California's "original writ" habeas system, the time between a habeas petition's denial and a new petition's filing in an appellate court (challenging the previous denial) is also tolled, provided the time between is "reasonable" under state law.  *Carey*, 536 U.S. at 221–25; *Kistler v. Atchley*, No. 21-cv-02002-TWR-MSB, 2023 WL 2394639 at *3 (S.D. Cal. Mar. 7, 2023) (citing *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010); *see Gaston v. Palmer*, 417 F.3d 1030, 1036–44 (9th Cir. 2005), *reh'g granted, op. modified*, 447 F.3d 1165 (9th Cir. 2006).

An application is "properly filed" and tolls the limitation period when it complies with the applicable "laws and rules governing filings" including those regarding "the court and office in which it must be lodged."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  An application accepted by "the clerk of a court lacking jurisdiction . . . will be pending, but not properly filed."  *Id.* at 9; *see also Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004) ("a habeas petition filed in a court lacking jurisdiction to consider the application is not 'properly filed[.]'"); *Satterfield v. Johnson,* 434 F.3d 185, 191–92 (3rd Cir. 2006);

A petition is still "properly filed," however, if it meets the applicable laws and rules which allow the Court to hear the case, even if the relief sought is unavailable.  *See Artuz*, 531 U.S. at 10–11; *Pace v. DiGulielmo*, 544 U.S. 408, 417 (2005) ("[f]or purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in *Artuz,* which go to the ability to obtain relief.") (partially superseded on other grounds); *Ramirez*, *v. Yates*, 571 F.3d 993, 999 (9th Cir. 2009); *Dictado v. Ducharme*, 244 F.3d 724, 726–27 (9th Cir. 2001) (bar to successive state personal restraint petitions was a "condition to obtaining relief" and

not a "condition to filing") (abrogated on other grounds by *Pace*, 544 U.S. 408); *Harris v. Virginia Dept. of Corrections*, 282 Fed. Appx. 239, 241–42 (4th Cir. 2008) (*per curium*); *Thibodeaux v. Kilmer*, Case No. 03:10–cv–00133–KI, 2011 WL 3860460 at *2 (D. Or. Sep. 11, 2011)

### a. Analysis

#### 1) Petitioner's First State Habeas Petition

Respondent argues that, because Petitioner's first state habeas petition was denied, in part, based upon "lack of jurisdiction" to resentence him (ECF No. 20-5 at 3), his petition was not properly filed per *Artuz* and *Pace* and therefore ineligible to toll the statute of limitations. (ECF No. 22-1 at 14.) The Court disagrees. As discussed above, a petition is properly filed if it meets all the requirements—including jurisdictional requirements—for the Court to hear the case and does not fail to toll the statute of limitations merely because the relief sought is procedurally barred. *See Artuz*, 531 U.S. at 10–11; *Pace*, 544 U.S. at 417; *Dictado v. Ducharme*, 244 F.3d 724, 726–27 (9th Cir. 2001) (bar to successive state personal restraint petitions was a "condition to obtaining relief" and not a "condition to filing") (abrogated on other grounds by *Pace*, 544 U.S. at 417); *Harris*, 282 Fed. Appx. at 241–42; *Thibodeaux*, 2011 WL 3860460 at *2; *see also Ramirez*, 571 F.3d at 999.

For example, in *Dictado*, the Court held that though the Washington Supreme Court dismissed Petitioner's petition, in part, because it was successive and thus procedurally barred, that petition was still "properly filed." *Dictado*, 244 F.3d at 726–27. While the state statute "disfavored" successive petitions, the Court was still permitted to hear them on the merits. *Id.* Therefore, petitions in violation "will not be successful, but they have been properly delivered and accepted so long as the filing conditions have been met.'" *Id.* (quoting *Artuz*, 531 U.S. at 10–11.)

Likewise, in *Thibodeaux*, the Court held that a mandamus petition filed in state court was properly filed for the purposes of statutory tolling, despite the state court's having dismissed it due to the court's lack of jurisdiction to grant the specific relief requested. *Thibodeaux*, 2011 WL 3860460 at *1–2. Though the Court was not permitted to grant the

relief because alternative relief was available, it was permitted to hear the claim on the merits, and thus the petition was properly filed.  *Id.* at *1–2.

Here, the dismissal due to the court's inability to grant Petitioner's sentencing relief in his initial state court habeas petition is analogous to the petitioners' situations in *Dictado* and *Thibodeaux*.   As with those petitions, it was the relief Petitioner sought—resentencing—that was barred and led to denial, not Petitioner's failure to meet the requirements for filing.  The same is true as to the Superior Court's denying Petitioner's state habeas claim based on the "general rule . . . that habeas corpus cannot serve as a substitute for an appeal, and that matters that could have been, but were not, raised on a timely appeal from a judgment . . . are not cognizable on habeas corpus in the absence of special circumstances . . ." (ECF No. 20-5 at 3 (quoting *In re Clark*, 855 P.2d 729 (Cal. 1993) (superseded by statute on other grounds).)  Here, as with the rule against successive petitions addressed in *Dictado*, the rule is not a filing condition but instead a rule of decision creating a procedural bar to relief.  *See Dictado*, 244 F.3d at 726–27; *In re Clark*, 855 P.2d at 737–41 (discussing bars to habeas claims in California State Court) (superseded on other grounds).

Petitioner's state court petition met all laws and rules for filing, "in that it was timely, formatted in an acceptable manner, and filed in a court with jurisdiction to consider the petition (even if it lacked jurisdiction to grant the relief requested)," and thus "properly filed" to toll the statute of limitations.  *Harris*, 282 Fed. Appx. at 241–42 (citing *Artuz*, 531 U.S. at 8.)  Accordingly, Petitioner's first state petition was properly filed and tolled the statute of limitations while pending.

The decision in Petitioner's habeas case was final—and therefore stopped tolling the statute of limitations—on the date the decision was filed: December 28, 2021.  *See* Cal. R. Ct. 8.387(b)(2)(A), (c) ("Except as provided in (B), a Court of Appeal decision denying a petition for writ of habeas corpus without issuance of an order to show cause is final in the Court of Appeal upon filing."); Cal. R. Ct. 8.532(b)(2)(C) ("The following Supreme Court decisions are final on filing: . . . [t]he denial of a petition for a writ within the court's original

jurisdiction without issuance of an alternative writ or order to show cause[.]"); *Jackson v. Super. Ct.*, 118 Cal. Rptr. 3d 81, 92 n.5 (Cal. Ct. App. 2010) ("An order denying a petition for writ of habeas corpus in the superior court is final immediately upon its filing, and review of the order can only be had by the filing of a new petition in the Court of Appeal.") (citing *Clark*, 855 P.2d at 740 n.7). Therefore, the statute of limitations was tolled from the date Petitioner filed his first petition for habeas corpus, October 29, 2021, until the day after the date that petition's denial became final on December 28, 2021. *Corjasso*, 278 F.3d at 877.

### 2. Petitioner's Later State Habeas Petitions

After the Superior Court denied Petitioner's first state habeas petition, 358 days expired un-tolled before he filed his second, consuming all but 7 days of the one-year limitation period. (*See* ECF No. 20-6 at 1.) The Superior Court then denied his second state petition as untimely.[20] (ECF No. 20-7 at 6–7.) Because it was found untimely, this second Superior Court petition could not toll the statute of limitations between the first petition's denial and the second petition's filing, nor the time during which the second petition was pending—despite the Superior Court's alternative merits finding. *Banjo v. Ayers*, 614 F.3d 964, 968–69 (9th Cir. 2010); *Pace,* 544 U.S. at 412–417 (holding explicitly that timeliness is a filing condition, not merely a bar to relief sought); *Carey*, 536 U.S. at 226; *Kistler*, 2023 WL 2394639 at *3.

Because the clock began to run again on December 29, 2021, after the first petition was denied, and because the second petition had no tolling effect, the last day for Petitioner to file this federal habeas petition was December 20, 2022, absent equitable tolling. The

---

[20]   The Superior Court made an alternative finding on the merits. (ECF No. 20-7 at 7–8.) On petition to the Court of Appeal, the Court addressed only the alternative merits findings regarding ineffectiveness of habeas counsel. That Court affirmed the Superior Court and found that "even if the Alternate Public Defender had argued that Griffin's second petition was timely, the [S]uperior [C]ourt would have still denied relief[]." (ECF No 20-9 at 3–4.)

instant petition was filed on June 24, 2023, 187 days after the expiration of the statute of limitations, again, absent equitable tolling.[21]

### iii.   Equitable Tolling

#### a. Legal Standard

"Equitable tolling is available . . . only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time and the extraordinary circumstances were the *cause* of [the] untimeliness." *Ford*, 683 F.3d at 1237 (emphasis original). "To equitably toll AEDPA's one-year statute of limitations, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The prisoner must show that the extraordinary circumstances were the cause of his untimeliness." *Bryant*, 499 F.3d at 1061(internal citations and quotation marks omitted); *Ford*, 683 F.3d at 1237; *see Holland v. Florida*, 560 U.S. 631, 649 (2010). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Ford*, 683 F.3d at 1237. A petitioner bears the burden of demonstrating that equitable tolling is appropriate. *Gaston*, 417 F.3d at 1034 (opinion modified on other grounds).

///

---

[21] Even assuming *arguendo* that: (1) Petitioner was entitled to tolling while his second petition was pending in state court; (2) he could benefit from gap tolling between the second petition's denial and the filing of his petition in the California Court of Appeal (which is highly questionable, based on the time that elapsed between the denial of the second petition and the filing of his Court of Appeal petition (*see*, *Hernandez v. Lewis,* No. 1:12-CV-01661 LJO, 2013 WL 4482707 at *5 (E.D. Cal. Aug. 19, 2013), *R. & R. adopted,* No. 1:12-CV-01661 LJO, 2013 WL 5493303 (E.D. Cal. Sept. 30, 2013) (collecting cases)); and (3) time was tolled while his petition was pending in the Court of Appeal, there would still be insufficient statutory tolling to save the Petition. Even with the benefit of all of these hypothetically available (but factually inapplicable) tolling periods, Petitioner still allowed 405 untolled days to pass before filing this Petition: nine days between the date the statute of limitations began to run and the date Petitioner filed his first habeas petition, 358 days between his first habeas petition's denial and his second's filing, and 38 days between the second's denial and his initial federal Petition.

*b. Analysis*

Respondent argues that no extraordinary events prevented Petitioner from timely filing his Petition. (ECF No. 22-1 at 17–18.) Petitioner, in his Opposition, states that he "can prove [he has] been pursuing [his] rights diligently and that some extraordinary circumstance stood in [his] way and prevented timely filing . . ." (ECF No. 34 at 6.) He further asserts that was not "asked to explain [his delay] until now" and that he is "happy to do so." (*Id.*) Despite this stated willingness to explain, however, Petitioner makes no effort to do so. (*Id.*) Upon reviewing the record and the pleadings, the Court cannot discern any extraordinary circumstances that could have delayed Petitioner's filing of his state or federal petitions.

Further, even if Petitioner had at times been diligent in pursuing his rights, the unexplained and nearly year-long period between his first state habeas petition's denial and the filing of his second petition undermines any claim of diligence. Having presented neither an argument that extraordinary circumstances affected his filing nor a convincing presentation of diligence in pursuing his rights, Petition has not established that he qualifies for equitable tolling.

With no equitable tolling available, and insufficient statutory tolling to render his federal petition timely, the Court recommends that Judge Lopez find that the statute of limitations bars Petitioner's Petition and **GRANT** Respondent's Motion to Dismiss.

///
///
///
///
///
///
///
///
///

## IV. PETITIONER'S MOTION TO EXPAND THE RECORD

Also before the Court is Petitioner's Motion to Expand the Record. (ECF No. 33.) Based on the contents therein, the Court construed the Motion to be a request under Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts that the Court order Respondent to furnish: 1) the complete case record of Plaintiff's purported prior conviction, SCD192383; and 2) Certified transcripts from an August 19, 2019, hearing in the underlying state criminal case SCD281192. (ECF No. 36.) The Court held this Motion to Expand the Record in abeyance pending Petitioner's deadline to file a Third Amended Petition. (*Id.*) In his Opposition to the Motion to Dismiss, Petitioner repeated his request that Respondent lodge "the entire file" of Case No. SCD192383. (ECF No. 34 at 1.) Respondent filed an Opposition on July 17, 2024, arguing that the motion should be denied, as the request does not seek materials that "have any bearing on the issues raised in Respondent's Motion to Dismiss" and thus is unnecessary to adjudicate the issues before the Court at this stage in proceedings. (ECF No. 39.)

### a. Legal Standard

Under Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts, within an Answer, the respondent must ". . . indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant." R. Governing § 2254, R. 5(c). The Court, upon its own motion or Petitioner's request, has discretionary power to order that Respondent "furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence." *Id.* Additionally, under Rule 7 of the Rules Governing § 2254 cases, "[i]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." R. Governing § 2254, R.7(a).

///

*b. Analysis*

At this point in the proceedings, no Answer has been filed to address the merits of Petitioner's underlying claims for relief.  The records requested are a transcript from one day of the criminal proceeding for the conviction that is at issue in this habeas and the entire case record for Petitioner's strike prior case.  (ECF No. 33 at 1.)  According to Petitioner, the requested documents will evidence the illegality of Petitioner's strike prior. (*Id.* at 1–2.)  The requested records, whatever their potential relevance to the underlying claims, do not speak to the issues immediately before the Court in the Motion to Dismiss, and thus are not properly requested before an Answer is filed. *See Price v. Kernan*, No. 16-cv-0485-JAH-DBH, 2016 WL 11714905 at *3 (S.D. Cal. Dec. 22, 2016).

Additionally, Respondent has lodged all documents it deems relevant to the Court with its Motion to Dismiss, pursuant to the Court's order.  (ECF No. 10 at 2; ECF No. 20.) Petitioner has not presented any argument or assertion that the lodged documents are incomplete or insufficient to address the Motion to Dismiss.   Therefore, the Court recommends the Motion to Expand the Record be denied—as moot if Judge Lopez adopts the recommendations herein and as premature if Judge Lopez allows the Petition to proceed to the answer stage.

///
///
///
///
///
///
///
///
///
///
///

## VI. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the district court issue an Order: (1) approving and adopting this Report and Recommendation; (2) granting Respondent's Motion to Dismiss; (3) dismissing the Petition; and (4) denying Petitioner's Motion to Expand the Record.

**IT IS ORDERED** that no later than <u>**October 21, 2024**</u>, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to any objections shall be filed with the district court and served on all parties no later than <u>**November 4, 2024**</u>. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  September 30, 2024

Hon. Jill L. Burkhardt
United States Magistrate Judge