UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE GRIFFIN,<br><br>                    Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO; et al.,<br><br>                    Respondents. | Case No.: 23cv1205-LL-JLB<br><br>**ORDER:**<br><br>**ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br>[ECF No. 42]<br><br>**GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS;**<br>[ECF No. 22]<br><br>**DENYING PETITIONER'S MOTION TO EXPAND RECORD;**<br>[ECF No. 33]<br><br>**DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

///

///

On June 24, 2023, Petitioner Maurice Griffin ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1.[1] On October 22, 2023, Petitioner filed a Second Amended Petition for Writ of Habeas Corpus ("Petition"). ECF No. 9. On April 3, 2024, Respondent Jeff Macomber, Secretary of the California Department of Corrections and Rehabilitation ("Respondent"), filed a Motion to Dismiss the Petition ("Motion") for failure to exhaust state-level remedies and because it is barred by the statute of limitations, to which Petitioner responded. ECF Nos. 22, 34. Petitioner also filed a Motion to Expand the Record, to which Respondent responded. ECF Nos. 33, 39. The matter was referred to United States Magistrate Judge Jill J. Burkhardt for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule HC.2. Judge Burkhardt issued a Report recommending that the Motion to Dismiss be granted and the Motion to Expand the Record be denied. ECF No. 42.

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth the district court's duties in connection with a magistrate judge's report and recommendation. The district court judge must "make a de novo determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States. v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of a timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206) (9th Cir. 1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").

---

[1] Citations to any docketed materials refer to the CM/ECF number printed on the top of each page.

Objections to the Report and Recommendation were due no later than December 16, 2024. ECF No. 47. To date, no objections have been filed and the time for doing so has expired. Having reviewed the Report and Recommendation, the Court finds it is thorough, well-reasoned, and contains no clear errors. Accordingly, the Court **ADOPTS** the Report and Recommendation in its entirety.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a § 2254 habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The Rules Following 28 U.S.C. § 2254 require the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability will issue "only if" the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a demonstration that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). For the reasons set forth in the Report and Recommendation and incorporated here, the Court finds this standard has not been met, and therefore a certificate of appealability is **DENIED**.

## CONCLUSION

For the reasons set forth above, the Court **ADOPTS** the Report and Recommendation in its entirety, **GRANTS** the Motion to Dismiss, **DISMISSES** the

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1 | Petition with prejudice[2], and **DENIES** as moot Petitioner's Motion to Expand the Record.
2 | The Court **DECLINES** to issue a certificate of appealability and **DIRECTS** the Clerk of
3 | Court to enter judgment in favor of Respondents and terminate this case.
4 | **IT IS SO ORDERED.**
5 | Dated: January 3, 2025

Honorable Linda Lopez
United States District Judge

---

[2] The Petition is barred by the statute of limitations, rendering amendment futile.